UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH JAMAL BRIGHAM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV419-280 |
| | ) | CR417-208 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Keith Jamal Brigham pleaded guilty to a single count of conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and marihuana. *See* doc. 511 at 1 (Judgment).[1] He was sentenced to one hundred and eighty-eight months of imprisonment and a four-year term of supervised release. *See id*. at 2-3. He moved to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* docs. 695 & 726. As amended, his Motion asserts four grounds for relief. *See* doc. 726 at 23-29. The Government has responded moving for dismissal of Grounds 1, 2, and 4. *See* doc. 950 at 11-20. The Government also requests that Brigham be required to expressly acknowledge the waiver of his attorney-

---

[1] The Court cites to the criminal docket in CR417-208 unless otherwise noted.

1

client privilege, which occurred when he asserted that his counsel provided ineffective assistance. *See id.* at 20-24. Brigham has not filed any response to the Government's motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5.

As the Government's Motion summarizes, Ground 3 of Brigham's Motion "alleges his attorney failed to file a notice of appeal despite being instructed to do so." Doc. 950 at 1. Given the nature of that Ground, the Government asserts that "[i]n order for [it] to fully respond . . . , it is necessary for Brigham to first waive his attorney-client and work-product privileges." *Id.* at 1-2. The Government requests that the Court "issue an order advising Brigham that pursuing his ineffective assistance of counsel claim . . . will result in a finding of waiver of the attorney-client and work-product privileges, and giving [him] 30 days to indicate whether he affirmatively waives those privileges or whether he withdraws Ground 3 in order to preserve those privileges." *Id.* at 23.

"By alleging that his attorney[ ] provided ineffective assistance of counsel in [his] choice of a defense strategy, [Brigham] put at issue—and thereby waived—any privilege that might apply to the contents of his conversations with [that] attorney[ ] to the extent those conversations

bore on his attorney['s] strategic choices." *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001). The scope of the waiver, however, may be disputed. *Cf. id.* at 1179 ("Although the precise boundaries of the waiver [of privilege] will vary from case to case, and in many instances will require careful evaluation by the district court, there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances."). The Government's request that Brigham affirmatively waive his attorney-client and work-product privileges, specify the scope of his waiver, or withdraw Ground 3, is **GRANTED**. Doc. 950, in part.

Accordingly, Brigham is **DIRECTED** to respond to this Order and **SHOW CAUSE** indicating whether, and to what extent, he affirmatively waives his attorney-client and work-product privileges related to Ground 3 of his amended § 2255 motion, or whether he elects to withdraw Ground 3 in order to maintain the privileges. *See, e.g., Barrett v. United States*, 2013 WL 1131072, at *2-*3 (S.D. Ohio Mar. 18, 2013); *see also Blanc v. United States*, 2016 WL 7670932, at *2 (S.D. Fla. Mar. 17, 2016)

(requiring written acknowledgement of the waiver of privilege "with regards to those matters forming the basis of his claims(s)."). He is **DIRECTED** to respond by no later than January 30, 2023.

Brigham's failure to respond to the Government's argument that the remaining grounds asserted are meritless raises an additional issue. This Court has the authority and responsibility to manage its docket. Pursuant to that authority, a district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). A § 2255 movant's failure to prosecute warrants dismissal under Rule 41. *See*

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may apply, to the extent that they are not inconsistent with the Section 2255 Rules.

*Hawthorne v. United States*, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) ("The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order." (citation omitted)). Failure to "respond to the numerous grounds asserted by the Respondent, United States of America, for dismissal of the Petition," has been recognized as a failure to prosecute. *See Barnes v. United States*, 2020 WL 6532847, at *1 (W.D. Tenn. Nov. 5, 2020). Brigham must, therefore, also respond to this Order and **SHOW CAUSE** why his Motion should not be dismissed for his failure to prosecute this case. He is **DIRECTED** to respond by no later than January 30, 2023.

In summary, Brigham must respond to this Order and **SHOW CAUSE** (1) indicating whether, and to what extent, he affirmatively waives his attorney-client and work-product privileges related to Ground 3 of his amended § 2255 motion, or whether he elects to withdraw Ground 3 in order to maintain the privileges; and (2) why his Motion should not be dismissed for his failure to prosecute this case. He is **DIRECTED** to respond by no later than January 30, 2023. **Brigham is advised that failure to comply with this Order's directions, in full, may result**

5

in a recommendation that his § 2255 motion be dismissed for failure to prosecute and failure to comply with the Court's orders.  See Fed. R. Civ. P. 41(b); cf. Hawthorne, 2022 WL 3099271, at *2 (noting the court "warned [the pro se movant] that failing to comply could result in dismissal of his case.").

    **SO ORDERED**, this 30th day of December, 2022.

    _____
    CHRISTOPHER L. RAY
    UNITED STATES MAGISTRATE JUDGE
    SOUTHERN DISTRICT OF GEORGIA