IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEITH JAMAL BRIGHAM, )
)
    Petitioner, )
)
v. ) CASE NO. CV419-280
) CR417-208
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

**O R D E R**

Before the Court is the Magistrate Judge's February 22, 2023, Report and Recommendation (Doc. 8), to which Petitioner Keith Jamal Brigham has filed no objection.[1] After a careful review of the record, the report and recommendation (Doc. 8) is **ADOPTED** as the Court's opinion in this case as herein modified.[2]

On December 30, 2022, the Magistrate Judge entered an order granting the Government's request that Petitioner should be directed to indicate whether he affirmatively waived his attorney-

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV419-280.
[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

client privilege. (Doc. 7 at 3.) Petitioner was directed to respond by January 30, 2023. (Id. at 4.) The Magistrate Judge also noted that Petitioner failed "to respond to the Government's argument that the remaining grounds asserted [in his motion] are meritless. . . ." (Id.) Petitioner's failure to respond amounted to a failure to prosecute this case, subjecting it to dismissal pursuant to Federal Rule 41. (Id. at 4-5 (citing Hawthorne v. United States, No. 21-10164, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022).) Petitioner was directed to respond and show cause for his failure by January 30, 2023. (Id. at 5.) Petitioner was expressly advised that "failure to comply with this Order's directions, in full, may result in a recommendation that his § 2255 motion be dismissed for failure to prosecute and failure to comply with the Court's orders." (Id. at 5-6 (citations and emphasis omitted).) Petitioner did not respond.

Almost a month after Petitioner's deadline to respond to the Magistrate Judge's show cause order had expired, the Magistrate Judge entered the instant report and recommendation. (Doc. 8.) Within the deadline to object to the report and recommendation, Petitioner submitted a motion that seeks "an extention [sic] of time in order to respond to the Government motion moving for dismissal of [several asserted grounds]," and expressly waiving his attorney-client privilege. (Doc. 9 at 1-2.) Petitioner's only assertion in support of that request is to "remind the Court that

2

he is a pro se litigant . . . ." (Id. at 2.) Petitioner provides no explanation, much less a justification, for his persistent failure to timely respond to the Magistrate Judge's orders.

The Federal Rules do provide for the extension of deadlines after their expiration. See Fed. R. Civ. P. 6(b)(1)(B). However, such extensions require that the moving party "failed to act because of excusable neglect." Id. Petitioner's invocation of his pro se status does not excuse his failure to comply with the Court's orders and deadlines. "[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants," it is well-established that they are required to "conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). More pertinently, as another Court in this District has explained, "[a]lthough Plaintiff is proceeding pro se and pro se filings are liberally construed, liberal construction does not mean liberal deadlines." White v. Santander Consumer USA, Inc., No. CV120-115, 2021 WL 964278, at *4 (S.D. Ga. Mar. 15, 2021) (internal quotation marks and citations omitted). Accordingly, Petitioner's motion to extend deadlines

that expired months ago without any explanation is **DENIED**. (Doc. 9.)

Since Petitioner is not entitled to any extension and he has not responded to the Magistrate Judge's determination that he has failed to prosecute this case and obey the Court's orders, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED WITHOUT PREJUDICE**. (Docs. 1, 2.) The Government's pending response is **DISMISSED AS MOOT**. (Doc. 6.) The Clerk of Court is **DIRECTED** to close the case.

Applying the Certificate of Appealability (COA) standards, which are set forth in <u>Brown v. United States</u>, No. 403CR001, Nos. 407CV085, 403CR001, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this ___30th___ day of March 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4