IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 417-208-8 |
| | * |
| KEITH JAMAL BRIGHAM | * |

ORDER

Defendant Keith Jamal Brigham has filed a "Motion to Supplement Presentence Investigation Report ("PSI")" to reflect a reduced criminal history score upon application of Amendment 821 (Part A) to the United States Sentencing Guidelines. Amendment 821 provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1(e).

Under the prior version of § 4A1.1(e), Defendant's criminal history score of 12 was increased by two "status points" because he had committed this federal offense while under a criminal justice sentence. Under the amended § 4A1.1(e), Defendant would receive only one status point; thus, his total criminal history score would fall from 14 to 13 upon retroactive application of § 4A1.1(e). A criminal history score of either 13 or 14 establishes a criminal history category of VI. Moreover, Defendant's criminal history category was determined to be VI because he is a career offender, see U.S.S.G. § 4B1.1(b), not because of his total criminal history score. Either

way, Amendment 821 does nothing to change his criminal history category of VI or his guideline range of 188 to 235 months.

Defendant recognizes this fact in his motion, but he nevertheless requests that his PSI be amended to show the lower criminal history score. He argues that Amendment 821 "would place him in an entirely different category and his classification and custody status would have a positive effect on his incarceration conditions and confinement." (Doc. 981.) Setting aside the fact that there is no procedural mechanism to simply "correct" a PSI without the protections afforded by Federal Rule of Criminal Procedure 32, Defendant's premise is faulty. Amendment 821, if applicable, would not change his criminal history category. As explained above, whether Defendant's criminal history score is 14 as originally determined or 13 as amended, his criminal history category is still VI. He therefore would not be in an "entirely different category."

Upon the foregoing, Defendant's "Motion to Supplement" (doc. 981) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA